J-S10014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS JOSEPH PARIS | : | |
| | : | |
| Appellant | : | No. 1132 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 20, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002034-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:          **FILED: MARCH 30, 2020**

Thomas Joseph Paris appeals from the judgment of sentence imposed following his guilty plea to one count of receiving stolen property, *see* § 18 Pa.C.S.A. § 3925(a), and one count of identity theft, *see* 18 Pa.C.S.A. § 4120(a). As we conclude we lack jurisdiction due to Paris's untimely appeal, we quash.

Paris pleaded guilty on May 20, 2019, and on that same date received a sentence of twelve to twenty-four months of incarceration. Paris did not file a post-sentence motion. Instead, while still represented by counsel, he filed a *pro se* notice of appeal. Paris's notice of appeal purports to appeal from an order entered on June 1, 2019, and features a handwritten date, ostensibly the date the notice was written, of June 2, 2019. However, that same notice of appeal also indicates that it was processed by the Luzerne County Clerk of

Courts Criminal Division on July 11, 2019, and received by our Court on July 15, 2019.

After the trial court received Paris's notice of appeal, it directed him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead of filing a statement, Paris's counsel moved for the appointment of conflict counsel. After the court granted the motion, Paris's new counsel filed a concise statement identifying that Paris's appeal lacked any meritorious appellate issues. Moreover, that statement explained that no objections were placed on record nor were any post-trial motions filed. Subsequently, Paris's new counsel filed an **Anders** brief with our Court pursuant to **Anders v. California**, 386 U.S. 738 (1978), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

As he did not file a post-sentence motion, Paris had until June 19, 2019, thirty days from the imposition of his sentence, to file a notice of appeal. **See** Pa.R.Crim.P. 720(A)(3). Paris's notice of appeal was not docketed in the trial court until July 11, 2019 and was therefore facially untimely. He did not seek any kind of *nunc pro tunc* relief from the trial court.

As Paris was incarcerated, his *pro se* filing is "deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox." Pa.R.A.P. 121(a). However, there is no "properly executed prisoner cash slip or reasonably verifiable evidence," **id**., evincing "the date that [Paris] deposited," **id**., his filing with prison authorities for

mailing. The only evidence in support of a timely filing appears to be a handwritten "6-2-2019" on Paris's notice of appeal.

This Court issued a rule for Paris to show cause why his appeal should not be quashed as untimely. In response, Paris's counsel submitted a one-sentence letter requesting that Paris's *pro se* notice of appeal be treated as a notice of appeal *nunc pro tunc*. Given this request, counsel did not file or identify any evidence that could support an inference that Paris's *pro se* notice of appeal was timely filed.

"The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." ***Commonwealth v. Williams***, 106 A.3d 583, 587 (Pa. 2014). "Absent extraordinary circumstances, an appellate court lacks the power to enlarge or extend the time provided by statute for taking an appeal." ***Id***. "Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." ***Id***.

Further, we have no power to grant *nunc pro tunc* relief to Paris outside the confines of the Post Conviction Relief Act ("PCRA"). ***See Commonwealth v. Eller***, 807 A.2d 838, 845 (Pa. 2002). We note that Paris's trial counsel, the Office of the Public Defender of Luzerne County, has construed Paris's filings as asserting ineffective assistance of trial counsel. ***See*** Motion for Appointment of Conflicts Counsel, 8/12/19, at ¶ 18. If Paris contends that trial counsel was ineffective in failing to file a direct appeal, this avenue of relief is explicitly confined to collateral proceedings under the PCRA. ***See Eller***, 807 A.2d at

842-43 (recognizing prior precedent established that claims that counsel was ineffective for failing to file a notice of appeal was subject to the exclusivity provision of the PCRA).

As we have no authority to excuse Paris's untimely notice of appeal, we are without jurisdiction to entertain the merits of his appeal. Accordingly, we quash his appeal. Petition to withdraw as counsel denied as moot.

Appeal quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 03/30/2020